IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC.,<br>    Plaintiff,<br><br>           v.<br><br>STRAIGHTLINE COMMERCIAL &<br>RESIDENTIAL COATINGS, INC.; TIMOTHY<br>A. MALOY; PATTI D. MALOY; and<br>FUNDING METRICS, LLC,<br>    Defendants. | Civil Action No.<br>1:19-cv-04749-SDG |

**ORDER**

This matter is before the Court on Plaintiff IOU Central, Inc.'s (IOU) motion for entry of final default judgment against Defendants Straightline Commercial & Residential Coatings, Inc.; Timothy A. Maloy; Patti D. Maloy; and Funding Metrics, LLC [ECF 11]. For the following reasons, IOU's motion is **DENIED**.

**I.**     **BACKGROUND**

IOU's Complaint is one of many similarly styled complaints filed by IOU in this District. Each complaint contains a litany of non-specific allegations against various defendants, claiming that the defendants made misrepresentations to IOU to secure loans, and then violated the loan agreements. IOU's apparent strategy in

these cases is to cast a broad net of claims against a variety of defendants in an effort to recover on the defaulted loans.[1]

Here, according to the Complaint, on or about November 7, 2017, Defendant Timothy A. Maloy submitted an application for a commercial loan for Defendants Straightline Commercial & Residential Coatings, Inc. (Straightline) and Patti D. Maloy.[2] About three weeks later, Timothy spoke with one of IOU's staff members concerning the application.[3] That same day, Timothy executed a promissory note

---

[1]   IOU has employed this tactic in three other cases pending before this Court: *IOU Central, Inc. v. BADA Int'l, Inc.*, 1:20-cv-00161-SDG; *IOU Central, Inc. v. Christopher Ladd*, 1:20-cv-00112-SDG; *IOU Central, Inc. v. Shaen Harrington, Inc.*, 1:20-cv-03910-SDG.

The Court is aware of at least three other cases that were filed in this District by IOU with substantially similar allegations. *IOU Cent., Inc. v. Big State Tire & Axle, Inc.*, No. 1:20-CV-00200-MHC, 2020 WL 6588742, at *9 (N.D. Ga. Oct. 8, 2020) (granting motion to dismiss and denying IOU's motion to strike motion to dismiss); *IOU Cent., Inc. v. Mason*, No. 1:19-CV-04202-LMM, 2020 WL 6865784, at *2 (N.D. Ga. July 7, 2020) (denying motion for final default judgment); *IOU Cent., Inc. v. Schmitz*, No. 1:20-CV-00007-ELR, 2020 WL 6882648, at *2 (N.D. Ga. June 10, 2020), *reconsideration denied*, 2020 WL 6876296 (Aug. 4, 2020) (granting motion to compel arbitration as to two defendants and dismissing claims against remaining defendants).

[2]   ECF 1, ¶ 10.

To distinguish between the Maloys, this Order refers to them using their given names.

[3]   *Id.* ¶ 11.

in the principal amount of $163,500 in favor of IOU on behalf of Straightline.[4] The note includes a security agreement, through which Timothy and Straightline guaranteed their real and personal property as collateral against the loan secured by the Note.[5] Timothy also guaranteed performance of the Note.[6]

On April 24, 2018, Timothy and Straightline entered into a factoring agreement with Defendant Funding Metrics, LLC, in which Funding Metrics purchased $88,400 of future receivables.[7] The factoring agreement required Timothy and Straightline to execute a confession of judgment.[8] IOU does not allege whether the confession was ever executed.

Although Timothy and Straightline purportedly represented that the IOU loan was for commercial purposes, they and Patti allegedly used the funds to pay personal debts—including amounts owed on property in Oldsmar, Florida where

---

4   *Id.* ¶ 12.

5   *Id.* ¶ 13.

6   *Id.* ¶¶ 14–15.

7   *Id.* ¶ 21.

8   *Id.* ¶ 25.

   A confession of judgment is an expedited method to obtain a judgment against a party for a specific sum of money under New York law without having to initiate a civil action. N.Y. C.P.L.R. § 3218 (McKinney 2019).

Timothy and Patti reside.[9] IOU contends that Timothy, Patti, and Straightline all benefitted from the loan funds, and that all three are jointly and severally liable for the debt.[10] IOU further alleges that Timothy, Patti, and Straightline made or conspired to make false and misleading representations (or omissions) in seeking the loan funds.[11]

IOU initiated this action on October 23, 2019, asserting causes of action for declaratory and equitable relief as to all Defendants (Count I); equitable lien/mortgage as to all Defendants (Count II); constructive trust as to all Defendants (Count III); breach of contract as to Timothy, Patti, and Straightline (Count IV); quantum meruit/unjust enrichment as to Timothy (Count V); and attorneys' fees as to Timothy, Patti, and Straightline (Count VI).[12] On IOU's motion, the Clerk entered default against Defendants.[13] IOU has now moved for a final default judgment against all Defendants.[14]

---

[9]   ECF 1, ¶¶ 8, 17, 20.
[10]  *Id.* ¶¶ 31–32.
[11]  *Id.* ¶¶ 34, 46.
[12]  *Id.*
[13]  ECF 7; ECF 10.
[14]  ECF 11.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55 establishes a two-step process for a party to secure a default judgment. First, a party seeking default must obtain a Clerk's entry of default pursuant to Rule 55(a) by providing evidence "by affidavit or otherwise" that the opposing party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55. *See also Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1360 n.1 (N.D. Ga. 2011) ("First the clerk must enter a party's default . . . the party [seeking the default judgment] must then apply to the court for a default judgment."). Second, after the Clerk has made an entry of default, the party seeking the judgment must file a motion under Rule 55(b)(1) or (2).

A default entered pursuant to Rule 55(a) constitutes an admission of all well-pleaded factual allegations contained in a complaint. *Beringer v. Hearshe, Kemp, LLC*, No. 1:10-cv-1399-WSD-ECS, 2011 WL 3444347, at *2 (N.D. Ga. Aug. 8, 2011) (citing *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005)). An entry of a default by the Clerk, however, does not automatically warrant the Court's entry of default judgment, as a defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Frazier*, 767 F. Supp. 2d at 1362. *See also United States v. Khan*, 164 F. App'x 855, 858 (11th Cir. 2006) ("[A] default judgment may not stand on a complaint that fails to state a claim.").

Thus, when considering a motion for the entry of a default judgment, "a court must investigate the legal sufficiency of the allegations and ensure that the complaint states a plausible claim for relief." *Functional Prod. Trading, S.A. v. JITC, LLC*, No. 1:12-cv-0355-WSD, 2014 WL 3749213, at *3 (N.D. Ga. July 29, 2014). *See also Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). Ultimately, "[t]he entry of a default judgment is committed to the discretion of the district court." *Beringer*, 2011 WL 3444347, at *2 (citing *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985)).

### III. DISCUSSION

IOU is not entitled to a final default judgment because its Complaint is a shotgun pleading that fails to state a claim on which relief can be granted. Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Complaints that violate Rule 8(a)(2) are often disparagingly referred to as 'shotgun pleadings,' and cannot serve as an action's operative complaint." *IOU Cent., Inc. v. Mason*, No. 1:19-CV-04202-LMM, 2020 WL 6865784, at *2 (N.D. Ga. July 7, 2020) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015)) (internal quotation marks omitted) (additional citations omitted). A "shotgun" pleading is one that "fail[s] to one degree or another, and in one way

or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

"The most common type" of shotgun pleading is one that "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1322. Another type of shotgun pleading is one "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323. "Shotgun pleadings are unacceptable for many reasons, but this case illustrates an important one: they result in unintelligible pleadings that violate the basic specificity requirements of Federal Rule of Civil Procedure 8(a)(2) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)." *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 (11th Cir. 2020).

IOU's Complaint is an improper shotgun pleading. First, the Complaint asserts several causes of action, "incorporating by reference the allegations of its predecessors [*i.e.*, predecessor counts], leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Weiland*, 792 F.3d at 1324 (11th Cir. 2015) (quoting *Strategic Income*

*Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002)). Here, for example, Count VI—apparently directed towards all Defendants— incorporates ¶¶1–41, 43, 53–54, 60, 66, 74, and 80. These are paragraphs that include legal assertions from different counts demanding damages from all or some of the Defendants.[15]

Second, and more egregiously, the Complaint fails to attribute allegations to specific Defendants, making it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). IOU attempts to impose liability on each Defendant by stating:

> TM/SEC/PM are jointly and severally liable for the debt, evidenced by the Loan, Instruments and Funds, ***based upon their fulfillment of at least one of below events***; who:
>
> (a) Operate as and constitute a joint enterprise and act as agents for each other such as applying for the Loan and obtaining the Funds;
>
> (b) Operate as and/or are a partnership, from the Property for their same, related business; share/co-mingle their receipt or right to receive a share of profits of the business; whose principals are TM/PM, intended partners in the business; who participate in or have a right to participate in control of the business; agreed to share and/or shared their business losses or liability for

---

[15] ECF 1, ¶ 81.

> claims by third parties against the business; agreed to contribute or contributed money or property to their business, such as the Funds, to acquire assets and personnel for their business and/or related business assets; and/or
>
> (c) TM/PM owned and operated SEC as their alter-ego, disregarding SEC as a separate entity, using SEC as a conduit and instrumentality for their personal affairs, such as obtaining the Funds and avoiding payment of the Loan, who share and co-mingled their assets, finances, their ownership and their offices.
>
> (d) SEC lacks any existence separate from TM/PM per their unified interest or ownership, a mere subterfuge by TM/PM to avoid payment of IOU's debt, which should be justly disregarded, with full liability for damages and relief imposed upon them.[16]

The Complaint fails to clarify which Defendant is responsible for which harm, and, therefore, is deficient under Fed. R. Civ. P. 8(a)(2).

In addition to failing the specificity requirements of the Federal Rules of Civil Procedure, IOU's Complaint also fails to state a claim upon which relief can be granted. Even accepting the allegations in the Complaint as true, pleadings "must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004). IOU's

---

[16] *Id.* ¶ 32 (emphasis added).

Complaint fails to assert facts supporting its claims and instead relies entirely on legal conclusions, such as the allegation that "TM/SEC/PM conspired to fraudulently obtain the Funds from IOU, intending to induce and deceive IOU into closing its Loan just with TM/SEC, which they never intended to repay and/or could not repay, from whom they benefitted by obtaining the Funds," without pointing to facts showing a conspiracy or intent to deceive,[17] and that "TM/SEC/PM breached the Instruments, failed to make payments and did not otherwise comply with their terms, now due," without specifying what payments Defendants failed to make or what other terms were breached.[18] As IOU fails to allege any facts in support of its claims in the Complaint, the Court cannot grant default judgment in IOU's favor.

## IV.   CONCLUSION

For the foregoing reasons, IOU's Motion for Final Default Judgment [ECF 11] is **DENIED without prejudice**. IOU is **DIRECTED** to amend its Complaint within **14 days** of entry of this Order and to serve a copy of the amended pleading on each Defendant consistent with Fed. R. Civ. P. 5.

---

[17] *Id.* ¶ 46. The Court further notes that the Complaint also fails to plead its allegations of fraud with particularity as required by Fed. R. Civ. P. 9(b).

[18] *Id.* at ¶ 69.

If IOU fails to file an Amended Complaint in compliance with this Order and the Federal Rules of Civil Procedure, this matter will be dismissed with prejudice. The Clerk is **INSTRUCTED** to resubmit this Order to the undersigned in 14 days.

**SO ORDERED** this the 19th day of January 2021.

Steven D. Grimberg
United States District Court Judge